IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORIN TURNER, | : |
|            Petitioners, | : |
| v. | : Civil Action No. 23-1391-CFC |
| JOSEPH TERRA, Sup't SCI Phoenix, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
|            Respondents. | : |

**MEMORANDUM**

I.   **INTRODUCTION**

In October 2007, a Delaware Superior Court jury convicted Petitioner of first-degree assault, aggravated menacing, second-degree burglary, first-degree reckless endangering, four counts of possession of a firearm during the commission of a felony, and carrying a concealed deadly weapon. *See Turner v. State,* 957 A.2d 565, 567 (Del. 2008). The Superior Court sentenced Petitioner as a habitual offender to two consecutive life terms plus a term of 87 years. *Id.* The Delaware Supreme Court affirmed Petitioner's convictions on direct appeal. *Id.*

In March 2009, Petitioner filed a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision. *See Turner v. State,* 29 A.3d 246 (Table), 2011 WL 3964586 (Del. Oct. 20, 2011).

In 2011, Petitioner filed his first § 2254 petition challenging his 2007 convictions, asserting four grounds for relief: (1) Petitioner's Confrontation Clause rights were violated because the victim of the aggravated menacing charge, Carol Murray, did not testify at his trial; (2) Petitioner's second statement to the police was coerced and Detective Richardson testified falsely about this coercion during the pre-trial suppression hearing; (3) the State engaged in prosecutorial misconduct; and (4) there was insufficient evidence to support Petitioner's aggravated menacing conviction. The Honorable Gregory M. Sleet denied the first petition after determining that Claim One lacked merit, Claims Two and Four failed to satisfy the § 2254(d) standard, and Claim Three was procedurally barred. *See Turner v. Pierce,* 2015 WL 1304122 (D. Del. Mar. 19, 2015). Petitioner filed a motion for reconsideration, which Judge Sleet denied. *See Turner v. Pierce*, 2015 WL 4205145 (D. Del. July 13, 2015). Petitioner appealed the denial of his § 2254 petition. (*See* D.I. 34 in *Turner v. Pierce*, Civ. A. No. 11-1170-CFC) The Third Circuit declined to grant Petitioner a certificate of appealability, and his appeal was terminated on November 13, 2015. (*See* D.I. 42 in *Turner v. Pierce*, Civ. A. No. 11-1170-CFC)

In December 2023, Petitioner filed papers in this Court, indicating that he may be requesting federal habeas corpus relief pursuant to 28 U.S.C. § 2254 with respect to an unidentified Delaware state court decision issued in September 30, 2023. (D.I. 1) Petitioner subsequently filed a form § 2254 petition ("Petition") explicitly challenging his 2007 convictions. (D.I. 16) The Petition asserts the following three grounds for relief: (1) Petitioner was deprived of his right to counsel during the pre-trial stages in violation

2

of *United States v. Cronic*, 466 U.S. 648, 659-61 (1984); (2) Petitioner was denied his constitutional right to confront his accuser as established in *Crawford v. Washington*, 541 U.S. 36 (2004); and (3) his sentence was illegally enhanced through the use of a lesser included offense. (D.I. 16 at 5, 7, 9)

## II. STANDARD OF REVIEW

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. Additionally, a petitioner may not file a second or successive habeas petition and/or claim without first obtaining authorization from the appropriate court of appeals. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); Rule 9, 28 U.S.C. foll. § 2254. A petition for habeas relief is not considered to be "second or successive simply because it follows an earlier federal petition." *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005). Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff*, 404 F.3d at 817; *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). If a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

## III. DISCUSSION

The dismissal of Petitioner's first habeas petition in 2015 constitutes an adjudication on the merits for second or successive habeas purposes. The instant Petition challenges the same 2007 convictions that were challenged in Petitioner's first petition, and also asserts claims that were or could have been asserted in his first petition. *See Benchoff*, 404 F.3d at 817-18. As a result, the Court concludes that the Petition constitutes a second or successive habeas petition under 28 U.S.C. § 2244.

Petitioner does not allege, and the record does not indicate, that the Third Circuit Court of Appeals authorized the filing of the instant second or successive habeas Petition. Consequently, the Court concludes that it lacks jurisdiction to consider the Petition. *See* Rule 4, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139. The Court further concludes that it would not be in the interest of justice to transfer this case to the Third Circuit, because nothing in the Petition comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Accordingly, the Court will dismiss the Petition for lack of jurisdiction, and will dismiss as moot the pending Motion to Appoint Counsel (D.I. 10) and Motion to Enforce Order and Denial of Access to the Courts (D.I 13).

## IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant unauthorized second or successive Petition for lack of jurisdiction, and dismiss the pending Motions as moot. The Court will also decline to issue a certificate of

4

appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

A separate Order follows.

Dated: October 22, 2024

                                              Colm F. Connolly
                                              Chief Judge