IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ORIN TURNER,                        )
                                    )
            Petitioner,             )
                                    )
v.                                  )        Civil Action No. 23-1391-CFC
                                    )
STATE OF DELAWARE, and              )
ATTORNEY GENERAL OF                 )
THE STATE OF DELAWARE,              )
                                    )
            Respondents.            )

---

## MEMORANDUM

## I.    INTRODUCTION

Pending before the Court is Petitioner's Motion for Reconsideration filed pursuant to Federal Rule of Civil Procedure 59(e)  (D.I. 21)  For the following reasons, the Court will deny the Rule 59(e) Motion.

## II.    BACKGROUND

In October 2007, a Delaware Superior Court jury convicted Petitioner of first degree assault, aggravated menacing, second degree burglary, first degree reckless endangering, four counts of possession of a firearm during the commission of a felony, and carrying a concealed deadly weapon.  *See Turner v. State,* 957 A.2d 565, 567 (Del. 2008).  The Superior Court sentenced Petitioner as a habitual offender to two consecutive life terms plus a term of years.  *Id.*  The Delaware Supreme Court affirmed Petitioner's convictions on direct appeal.  *Id.*

In March 2009, Petitioner filed a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion").  The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision. *See Turner v. State*, 29 A.3d 246 (Table), 2011 WL 3964586  (Del. Oct. 20, 2011).

In 2011, Petitioner filed his first § 2254 petition challenging his 2007 convictions, asserting four grounds for relief: (1) Petitioner's Confrontation Clause rights were violated because the victim of the aggravated menacing charge, Carol Murray, did not testify at his trial; (2) Petitioner's second statement to the police was coerced and Detective Richardson testified falsely about this coercion during the pre-trial suppression hearing; (3) the State engaged in prosecutorial misconduct; and (4) there was insufficient evidence to support Petitioner's aggravated menacing conviction.  The Honorable Gregory M. Sleet denied the first petition after determining that Claim One lacked merit, Claims Two and Four failed to satisfy the § 2254(d) standard, and Claim Three was procedurally barred.  *See Turner v. Pierce,* 2015 WL 1304122 (D. Del. Mar. 19, 2015).  Petitioner filed a motion for reconsideration, which Judge Sleet denied.  *See Turner v. Pierce*, 2015 WL 4205145 (D. Del. July 13, 2015).  Petitioner appealed the denial of his § 2254 petition.  (*See* D.I. 34 in *Turner v. Pierce*, Civ. A. No.  11-1170-CFC)  The Third Circuit declined to grant Petitioner a certificate of appealability, and his appeal was terminated. (*See* D.I. 42 in *Turner v. Pierce*, Civ. A. No.  11-1170-CFC)

In December 2023, Petitioner filed papers in this Court, indicating that he may be requesting federal habeas corpus relief pursuant to 28 U.S.C. § 2254 with respect to an unidentified Delaware state court decision issued on September 30, 2023.  (D.I. 1)

2

Petitioner subsequently filed a form § 2254 petition ("Petition") explicitly challenging his 2007 convictions. (D.I. 16) The Petition asserted the following three grounds for relief: (1) Petitioner was deprived of his right to counsel during the pre-trial stages in violation of *United States v. Cronic*, 466 U.S. 648, 659-61 (1984); (2) Petitioner was denied his constitutional right to confront his accuser as established in *Crawford v. Washington*, 541 U.S. 36 (2004); and (3) his sentence was illegally enhanced through the use of a lesser included offense. (D.I. 16 at 5, 7, 9) On October 22, 2024, the Court dismissed the Petition for lack of jurisdiction because it was an unauthorized second or successive habeas petition. (D.I. 18; D.I. 19) On November 25, 2024, Petitioner filed the instant Motion for Reconsideration Pursuant to Rule 59(e). (D.I. 21)

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) is "a device [] used to allege legal error,"[1] and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The scope of a Rule 59(e) motion is extremely limited. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. Dec. 22, 2011); *see also Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*,

---

[1] *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).

176 F.3d 669, 677 (3d Cir. 1999).  A "motion for reconsideration is not to be used as a means to reargue a case or to ask a court to rethink a decision it has made." *United States v. Kennedy*, 2008 WL 4415654, at *1 (W.D. Pa. Sept. 26, 2008).  A motion filed pursuant to Rule 59(e) must be filed no later than twenty-eight days after the entry of the judgment. *See* Fed. R. Civ. P. 59(e).

## IV.    DISCUSSION

In his timely filed Rule 59(e) Motion,[2] Petitioner reasserts his claim alleging ineffective assistance under *Cronic* and asks the Court to reconsider its denial of his Petition as an unauthorized second or successive habeas petition on the basis that the recent Supreme Court decision *Erlinger v. United States*, 144 S.Ct. 1840 (2024) "sets new standards for enhancement proceedings."  (D.I. 21 at 23)  His argument for reconsideration is unavailing.  *Erlinger* held that a jury must decide whether a defendant's past offenses were committed on separate occasions for purposes of the Armed Career Criminal Act.  Since Petitioner was not convicted under the Armed Career Criminal Act, the Court questions its applicability to Petitioner's case.  Even if the reasoning in *Erlinger* were applicable to convictions under similar state statutes, *Erlinger* does not allow Petitioner to avoid the requirement of obtaining appellate court

---

[2]The Court denied Petitioner's Petition as second or successive on October 22, 2024, which means that a Rule 59(e) motion for reargument had to be filed by November 19, 2024. Pursuant to the prisoner mailbox rule, the Court views the instant Motion as filed on November 19, 2024, because that is the date on the Motion.  (D.I. 21 at 4); *see Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

permission before filing a second or successive habeas petition. Similarly, Petitioner's reassertion of his *Cronic* argument does not demonstrate why he should not be required to obtain authorization from the Third Circuit before filing a second or successive habeas petition. Accordingly, the Court concludes that Petitioner's instant Motion for Reconsideration does not warrant relief under Rule 59(e).

## IV.   CONCLUSION

For these reasons, the Court will deny the instant Rule 59(e) Motion for Reconsideration. In addition, the Court will not issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); s*ee United States v. Eyer*, 113 F.3d 470 (3d Cir.1997); 3d Cir. LAR 22.2 (2011). The Court will issue an Order consistent with this Memorandum.

Dated:  December 20, 2024

Colm F. Connolly
Chief Judge

5